IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MACHIAVELLI FARRAKHAN SIBERIUS,

    Plaintiff,

v.                                          Case No. 2:18-cv-01125

AMERICAN PUBLIC UNIVERSITY SYSTEM, INC.,
PRESSLEY RIDGE, and WEST VIRGINIA
DEPARTMENT OF EDUCATION,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On November 13, 2018, the plaintiff, Machiavelli Farrakhan Siberius, proceeding *pro se*, filed an excessively lengthy Amended Complaint [ECF No. 29] against the above-named defendants, alleging various federal and state claims as further addressed in section III below. Pending before the court are the defendants' Motions to Dismiss [ECF Nos. 30, 32, and 34], the West Virginia Department of Education's ("WVDE") Motion to Strike Plaintiff's Sur-reply (ECF No. 42), the plaintiff's Motion to Compel Joinder (ECF No. 44), and the plaintiff's Motion to Strike the WVDE's Reply and Motion to Strike Sur-reply (ECF No. 45), all of which will be addressed herein.

This matter was initially referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons appearing to the

court, the referral of this matter to the Magistrate Judge is **WITHDRAWN** and the undersigned will proceed to address the pending motions.

## I. Standard of Review

The defendants have filed Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When "faced with a Rule 12(b)(6) motion to dismiss . . . courts must . . . accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts allowing the court to draw the reasonable inference that the defendant is liable, moving the claim beyond the realm of mere possibility. *Id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.

Because the plaintiff is proceeding *pro se*, the court is obliged to construe his pleading liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). However, a district court does not assume the role of an advocate to construct arguments or theories for a *pro se* plaintiff and the court need not comb through the pleadings looking for potential claims. *See Gordon v. Leake*, 574 F.2d 1147 (4th Cir. 1978); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991). "Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

## II. Factual Background and Procedural History

As alleged in the 105-page Amended Complaint, Machiavelli Farrakhan Siberius (hereinafter "the plaintiff") who, at the time was known as "Adam Zane Dotson," was a student in American Public University System, Inc.'s ("APUS") Post-Baccalaureate Teacher Preparation Certification Program. In the spring of 2016, the plaintiff was enrolled in EDUC697 Clinical Supervision, a student teaching course required to receive his teaching certification, and he was placed at Pressley Ridge in Wood County, West Virginia, for student teaching.

According to the Amended Complaint, on or about June 6, 2016, the plaintiff was terminated from his student teaching position at Pressley Ridge for reporting a staff member to the Wood County Sheriff's Department for alleged physical abuse of a student. As a result of his termination, the plaintiff did not complete the full 16 weeks of student teaching required by APUS for his certification, received a failing

3

grade for the Clinical Supervision course, and was not issued a certificate to teach in the State of West Virginia.

On June 5, 2018, the plaintiff filed his initial Complaint in the Circuit Court of Wood County. It was removed to this court by APUS, with the consent of the other defendants. [ECF Nos. 3, 4, 5]. On September 28, 2018, United States Magistrate Judge Dwane L. Tinsley granted the plaintiff leave to amend his Complaint. [ECF No. 27]. On November 13, 2018, the plaintiff filed the Amended Complaint on which this matter is now proceeding. [ECF No. 29].

Count II of the Amended Complaint asserts a claim against Pressley Ridge and the WVDE under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, which was the basis for removal of the civil action to this federal court. Additionally, buried within Count III of the Amended Complaint is a claim purportedly brought under 42 U.S.C. § 1983 against Pressley Ridge and the WVDE alleging that the failure to receive his teaching certification deprived him of a property right and, thus, violated his right to due process. [ECF No. 29 at 53].

The remaining claims in the Amended Complaint are state law claims alleging wrongful discharge, breach of contract, promissory estoppel, equitable estoppel, tortious interference, and conversion.[1] The breach of contract claims are brought only against APUS. The other state law claims are brought only against Pressley Ridge and the WVDE.

---

[1] In conjunction with the plaintiff's FLSA claim in Count II, the convoluted Amended Complaint also appears to assert violations of the West Virginia Minimum Wage and Maximum Hour laws and the Wage Payment and Collection Act, W. Va. Code §§ 21-5-1 *et seq.* and 21-5C-1 *et seq.*

4

On November 27, 2018, each defendant filed a motion to dismiss [ECF Nos. 30, 32, and 34], with accompanying memoranda of law [ECF Nos. 31, 33, and 35]. On December 3, 2018, the plaintiff filed responses in opposition to the motions to dismiss [ECF Nos. 37, 38, and 39]. On December 11, 2018, the WVDE filed a reply brief [ECF No. 40]. Thereafter, the plaintiff filed an unauthorized sur-reply [ECF No. 41], which the WVDE moved to strike [ECF No. 42], and the plaintiff filed a Motion to Strike the WVDE's Reply and Motion to Strike [ECF No. 45]. Also pending is the plaintiff's Motion to Compel Joinder [ECF No. 44], in which he seeks a "joint trial" of defendants WVDE and Pressley Ridge. This matter is ripe for adjudication.

III. Discussion

    A. The Amended Complaint fails to state a plausible claim under the FLSA.

In Count II of his Amended Complaint, the plaintiff alleges that he was employed by Pressley Ridge and the WVDE, and that the failure to pay him for the hours he taught at Pressley Ridge violated the FLSA and the corresponding state law provisions. However, as aptly noted by the defendants' motions, the undersigned **FINDS** that the plaintiff's Amended Complaint does not allege sufficient facts demonstrating an employer-employee relationship between the plaintiff and either Pressley Ridge or the WVDE. Accordingly, the Amended Complaint fails to state a claim upon which relief can be granted under the FLSA.

As recently noted by the United States Court of Appeals for the Fourth Circuit, in another case involving a student teacher, the FLSA conditions liability on the existence of an employer-employee relationship, and the employee bears the burden

5

of alleging and proving the existence of that relationship. *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 83 (4th Cir. 2016) (citing *Benshoff v. City of Virginia Beach*, 180 F.3d 136, 140 (4th Cir. 1999) and *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986)). Whether or not a person is an employee within the meaning of the FLSA is a question of law. The *Kerr* Court further noted:

> FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency." 29 U.S.C. § 203(d). Employers include those with managerial responsibilities and "substantial control of the terms and conditions of the work of ... employees." *Falk v. Brennan*, 414 U.S. 190, 195, 94 S. Ct. 427, 38 L.Ed.2d 406 (1973). To determine whether the employer-employee relationship exists, courts apply the "economic reality" test. *Schultz*, 466 F.3d at 304 (citing *Henderson v. Inter–Chem Coal Co.*, 41 F.3d 567, 570 (10th Cir. 1994)).
>
> The economic reality test focuses on "whether the worker 'is economically dependent on the business to which he renders service or is, as a matter of economic [reality], in business for himself.'" *Id.* (quoting *Henderson*, 41 F.3d at 570). Relevant factors include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)), modified by *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61 (2d Cir. 2003). Although no one factor is dispositive, not a single factor weighs in favor of finding the existence of an employer-employee relationship here. * * * The fact that Kerr did not ultimately receive course credit does not convert her truncated educational experience into unpaid labor. Given the economic reality of Kerr's position as a student teacher, the district court properly determined that Kuhn was not an "employer" under FLSA and dismissed Kerr's final claim.

*Id.* at 83-84.

In another case involving a student enrolled in a cosmetology teacher trainee course to pursue her teaching license, our sister court in the Middle District of North

6

Carolina found that the teacher trainee was not an employee required to be compensated under the FLSA because "the benefits to [the trainee] derived from the teacher training program clearly outweighed the benefits to [the alleged employer school]" and, thus, the trainee was not an "employee" under the FLSA. *See Lane v. Carolina Beauty Sys., Inc.*, No. 6:90-cv-00108, 1992 WL 228868, *4 (M.D.N.C. July 2, 1992). The *Lane* court specifically noted:

> The Supreme Court has held that the definition of "to suffer or permit to work" does not encompass persons "who, without any express or implied compensation agreement, might work for their own advantage on the premises of another. Otherwise, all students would be employees of the school or college they attend, and as such entitled to receive minimum wages." *Walling v. Portland Terminal Co.*, 330 U.S. 148, 152, 67 S. Ct. 639, 641, 91 L. Ed. 809 (1947).

*Id.* at *3. The *Lane* court considered factors including whether the trainee's duties and activities were part of the curriculum required for the educational program in which the trainee was enrolled, the fact that the trainee was supervised and evaluated by a licensed teacher, and the fact that the school did not displace any employees of the school or forego hiring additional employees because of the presence of the trainee and the work the trainee was doing. *Id.* at 2.

The plaintiff does not allege that he had a pre-existing paid teaching position at Pressley Ridge, or with any school operated by the WVDE; nor could he, as he acknowledges that he was not a licensed or certified teacher. Rather, the Amended Complaint merely alleges that the plaintiff was issued a student teaching permit. Additionally, there is no indication in the Amended Complaint that the plaintiff displaced any actual employees of the defendants.

7

Although the plaintiff alleges that a school secretary at Pressley Ridge kept a sign-in log for the dates and times the he worked, such records were necessary to confirm his fulfillment of the student teaching field hour requirements and were not actual employer time records. The plaintiff acknowledges that he was not paid. The plaintiff further alleges that, although he designed lesson plans and objectives, graded papers, lectured students, and directed class activities, he was supervised by a site teacher and benefitted from those duties as part of his academic program. [*Id.* at 46]. Thus, the Amended Complaint merely establishes that the plaintiff performed duties that were required as part of his curriculum for the APUS student teaching program, which were supervised and evaluated by a licensed teacher.

The undersigned **FINDS** that the plaintiff's allegations fail to establish, under the totality of the circumstances, that either Pressley Ridge or the WVDE had sufficient operational control over the plaintiff in order to constitute an employer-employee relationship for the purposes of the FLSA. Accordingly, the undersigned further **FINDS** that the Amended Complaint fails to state a plausible claim for relief under the FLSA. Thus, dismissal of that claim under Rule 12(b)(6) is warranted.

**B.    The Amended Complaint fails to state a claim under 42 U.S.C. § 1983 against Pressley Ridge and/or the WVDE.**

As noted above, the Amended Complaint also purports to raise a claim under 42 U.S.C. § 1983 against Pressley Ridge and the WVDE. [ECF No. 29 at 53]. Section 1983 of Title 42 of the United States Code, provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction

> thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. While not in itself a source of substantive rights, section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To successfully establish a section 1983 claim, however, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by <u>a person acting under color of state law</u>." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) (Emphasis added).

Neither Pressley Ridge, nor the WVDE, is "a person acting under color of state law." As alleged in the Amended Complaint, Pressley Ridge is a private corporation that provides residential treatment, educational, and foster care services, headquartered in Pittsburgh, Pennsylvania. Thus, it was not acting under color of state law. Likewise, the WVDE, an agency of the State of West Virginia, is not a person with respect to section 1983. In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that, neither a State, nor its officials acting in their official capacities, are "persons" under section 1983. Accordingly, the undersigned **FINDS** that the Amended Complaint fails to state any plausible claim against these defendants under 42 U.S.C. § 1983. Thus, dismissal of that claim under Rule 12(b)(6) is also warranted.

9

### C. The undersigned declines to exercise supplemental jurisdiction over the plaintiff's state law claims.

Having found that the plaintiff has not stated any plausible federal claim, which was the basis of removal herein, and there being no diversity of citizenship, the undersigned declines to exercise supplemental jurisdiction over the plaintiff's state law claims, pursuant to 28 U.S.C. § 1367(c)(3), and **REMANDS** this matter to the Circuit Court of Wood County.

## IV. Conclusion

For the reasons stated herein, it is hereby **ORDERED** that the Motions to Dismiss filed by the WVDE [ECF No. 30] and Pressley Ridge [ECF No. 34] are **GRANTED** with respect to the plaintiff's FLSA and section 1983 claims, but are otherwise **DENIED WITHOUT PREJUDICE** to being re-asserted in the state court. It is further **ORDERED** that the Motion to Dismiss filed by APUS [ECF No. 32] is **DENIED WITHOUT PREJUDICE** to being re-asserted in the state court.

In light of the rulings made herein, it is further **ORDERED** that the WVDE's Motion to Strike Sur-reply [ECF No. 42], the plaintiff's Motion to Compel Joinder [ECF No. 44], and the plaintiff's Motion to Strike Reply and Motion to Strike Sur-reply [ECF No. 45] are **DENIED AS MOOT**. Finally, it is further **ORDERED** that this matter is **REMANDED** to the Circuit Court of Wood County for consideration of the plaintiff's state law claims.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party. The Clerk is further directed

to send a certified copy of the record of this civil action to the Circuit Court of Wood County.

        ENTER:     September 13, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE